IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PETER J. SMITH, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) Case No. 2:19-cv-592-RAH-SMD |
| v. | ) |
| | ) |
| SUBWAY INC., | ) |
|    *et al.*, | ) |
| | ) |
|     Defendants. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Currently before the Court is a Complaint (Doc. 1) filed by Plaintiff Peter J. Smith. Also before the Court is his Information and Declaration to participate in the *Pro Se Assistance Program* (Docs. 4, 5), and a more recent Evidentiary Submission. (Doc. 8). The undersigned previously granted Plaintiff's Motion for Leave to Proceed *in forma pauperis* and stayed service pending the Court's review pursuant to 28 U.S.C. § 1915(e). (Doc. 7).

Plaintiff's Complaint is now before the undersigned for § 1915(e) screening. *See Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) in non-prisoner action). That statute instructs the court to dismiss any action wherein it is determined that an *in forma pauperis* applicant's suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B)(i)-(iii).

### LEGAL STANDARD

A review of the sufficiency of the Complaint for purposes of § 1915(e)(2)(B)(ii) begins with analysis of whether the Complaint complies with the pleading standard applicable to all civil complaints in federal courts. *See Thompson v. Rundle*, 393 F. App'x 675, 678 (11th Cir. 2010) (citations omitted) ("A dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6). Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is 'plausible' on its face."). Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff file a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In general, then, a pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]" *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (a complaint does not suffice under Rule 8(a) "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"). Thus, in order to satisfy Rule 8(a), the Complaint "'must contain sufficient factual matter, accepted as true, to 'state a claim for relief which is plausible on its face.'" *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1051 (11th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). "A claim is factually plausible where the facts alleged permit the court to reasonably infer that the defendant's alleged misconduct was unlawful. Factual

allegations that are '"'merely consistent with" a defendant's liability,' however, are not facially plausible." *Id*. (quoting *Iqbal*, 556 U.S. at 678).

As a general matter, "[i]n the case of a *pro se* action . . . the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers." *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). However, although district courts must apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, such "'leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'" *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)). Accordingly, the Complaint before the Court, even if liberally construed, must minimally satisfy the dictates of Rule 8(a) of the Federal Rules of Civil Procedure in order to survive review under § 1915(e).

## COMPLAINT

Plaintiff's Complaint alleges that he is the victim of race and gender discrimination as a "homeless black male" in violation of the Civil Rights Act of 1964 and the Shepard-Byrd Act. (Doc. 1) at 1. He also makes a passing reference to 18 U.S.C. § 242. In support thereof, he points to two occurrences in the Subway restaurant located in the RSA Building on Union Avenue in downtown Montgomery. (Doc. 1) at 3-4. In the first instance, Plaintiff claims he was having a meal in the Subway when approached by two security guards who demanded he leave the building. In the second instance, about a week later, Plaintiff claims he was seated at a table eating a purchased meal at the Subway when two security guards again demanded that he leave. *Id.* at 4. In addition to unlawful discrimination, Plaintiff

claims that these two instances also amount to entrapment, conspiracy to commit entrapment, witness tampering, and obstruction of justice.

## ANALYSIS

Plaintiff's Complaint is due to be dismissed because, even after a liberal construction of Plaintiff's pleading, the undersigned cannot construe any type of viable claim within the "facts" asserted. Further, the undersigned finds that allowing Plaintiff to amend the Complaint will be futile. This is so for several reasons.

First, the Complaint is patently frivolous.[1] *See Weeks v. Jones*, 100 F.3d 124, 127 (11th Cir. 1996) (finding claims "frivolous" when they lack "an arguable basis either in law or in fact."). Plaintiff names three specific federal statutes that afford him relief: the Civil Rights Act of 1964, the Shepard-Byrd Act (18 U.S.C. § 249), and 18 U.S.C. § 242. The Shepard-Byrd Act is a nonstarter because the Shepard-Byrd Act is a federal criminal statute that does not provide a private right of action. *Godfrey v. Ross*, 2011 WL 6012607, at *5 (E.D. Cal. 2011). Similarly, 18 U.S.C. § 242 does not create a private cause of action. *Owens v. Hill*, 2019 WL 5388149, at *3 (M.D. Ala. 2019). *See also Moni v. Volusia Cty., Corp.*, 717 F. App'x 976, 977 (11th Cir. 2018).

Under the same rationale, Smith cannot sustain a claim for entrapment, *U.S. v. Sistrunk*, 622 F.3d 1328, 1332 (11th Cir. 2010) (recognizing entrapment as an affirmative

---

[1] *See also Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001) ("On the question of frivolousness, a litigant's history of bringing unmeritorious litigation can be considered."). The undersigned notes that Plaintiff has a long history in this Court of filing meritless lawsuits. *See, e.g., Smith v. Game Stop*, 2016 WL 3360673, at *2 (M.D. Ala. 2016); *Smith v. Auburn University*, 2012 WL 1533811 (M.D. Ala. 2012); *Smith v. Chick-Fil-A RSA Regions Tower*, 2019 WL 6794501 (M.D. Ala. 2019); *Smith v. Cedar Crest Nursing Home*, 2016 WL 3353948 (M.D. Ala. 2016); *Smith v. Humana, Inc.*, 2020 WL 1486809 (M.D. Ala. 2020).

defense in criminal cases), witness tampering, *Agundis v. Rice*, 2018 WL 3428618, at *11 (N.D. Ala. 2018) (recognizing no private cause of action for witness tampering), or civil conspiracy. *Tillman v. R.J. Reynolds Tobacco Co*, 871 So. 2d 28, 35 (Ala. 2003) (holding, in answer to a certified question from the Eleventh Circuit, that Alabama law does not recognize a civil cause of action for conspiracy absent an underlying wrong). Likewise, federal criminal law does not support a private cause of action for obstruction of justice, and the one federal statute that provides a civil cause of action for obstruction applies to court proceedings not applicable to this case. *Davis v. Broward Cty., Fla.*, 2012 WL 279433, at *8 (S.D. Fla. 2012). Additionally, Plaintiff has proffered no Alabama law, nor has the Court uncovered any, providing a private cause of action for obstruction of justice.

This leaves Plaintiff's remaining claims of race and gender discrimination under the Civil Rights Act of 1964, which fail on both the facts and the law. Presumably, Plaintiff is bringing a claim under Title II, which prohibits discrimination on the grounds of race, color, religion, or national origin in places of public accommodation. See 42 U.S.C. § 2000a(a). Plaintiff's gender discrimination claim fails as a matter of law because Title II does not prohibit discrimination on the basis of gender. *See id*. *See also Mosseri v. American Red Cross*, 2006 WL 8432559 *3 (S.D. Fla. 2006) (holding that "Title II does not cover sex discrimination or segregation").

That only leaves Plaintiff's race discrimination claim. The chief purpose of this title is "to [re]move the daily affront and humiliation involved in discriminatory denials of access to facilities ostensibly open to the general public." *Daniel v. Paul,* 395 U.S. 298, 307–308 (1969) (quoting H.R. Rep. No. 914, 88th Cong., 1st Sess., 18) (quotation marks

omitted). Plaintiff is seeking extensive damages – over $20 million (Doc. 1) at 4 – but Title II only provides for injunctive relief, not compensatory damages. *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402 (1968) ("When a plaintiff brings an action under that Title, he cannot recover damages."). Thus, Plaintiff's race discrimination claim fails as a matter of law.

Even if Plaintiff had pleaded for damages under 42 U.S.C. § 1983, his claim still fails as a matter of law. The only two allegations in the Complaint describing any conduct by Defendants is that "two black males claiming to be DTA Security . . . entered the Subway and demanded I leave the building." (Doc. 1) at 3. On the second occasion, "[two] black males who represented themselves as Retirement Systems of Alabama Security. . . showed up and again demanded I leave the building." *Id.* at 4. Plaintiff cannot recover against Subway, Inc. because § 1983 only covers state actors. *Harvey v. Harvey*, 949 F.2d 1127, 1130-32 (11th Cir. 1992). Plaintiff has also sued the Retirement Systems of Alabama, RSA Security, and David Bronner in his official capacity as CEO of the Retirement Systems of Alabama. (Doc. 1) at 1. Assuming, *arguendo*, that all three parties are state actors for purposes of § 1983 such that their actions would be covered, the claim still fails as a matter of law. The State of Alabama enjoys sovereign immunity. *See* ALA. CONST. art. 1, § 14 ("the State of Alabama shall never be made a defendant in any court of law or equity."). Congress has not abrogated Eleventh Amendment immunity in § 1983 cases, and the State of Alabama has not waived its immunity. *Carr v. Cty. Of Florence, Ala.*, 916 F.2d 1521, 1525 (11th Cir. 1990). Furthermore, § 1983 only provides a cause of action against a "person," and "neither a State nor its officials acting in their official capacities are

6

'persons' under § 1983"; and therefore the claim fails. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989).

Accordingly, it is the

RECOMMENDATION of the undersigned that Plaintiff's Complaint be dismissed pursuant to 42 U.S.C. §§ 1915(e)(2)(B)(i) and (ii). [2] Further, it is

ORDERED that Plaintiff shall file any objections to this Recommendation on or before September 11, 2020. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar Plaintiff from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of Plaintiff to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR.

---

[2] The undersigned is recommending dismissal of the Complaint without first asking Plaintiff to amend. The undersigned believes requesting such amendment would be futile because the complaint is frivolous and, in any event, Plaintiff is incapable of asserting federal civil rights claims against Defendants. Accordingly, the undersigned finds that leave to amend the Complaint is futile and not be afforded in this instance. *See, e.g., Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) ("While a pro se litigant generally must be given at least one opportunity to amend his complaint, a district judge need not allow an amendment where amendment would be futile.").

Furthermore, the opportunity to amend ordinarily contemplated by governing case law, *see Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002), is not inconsistent with the undersigned's recommendation of dismissal. Plaintiff will be permitted to file objections to the findings set forth in this Recommendation, and thus he is afforded the requisite opportunity to be heard about the deficiencies of the Complaint he filed.

R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 28th day of August, 2020.

/s/ Stephen M. Doyle
STEPHEN M. DOYLE
CHIEF UNITED STATES MAGISTRATE JUDGE